NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000078**
**31-AUG-2017**
**08:36 AM**

NO. CAAP-15-0000078

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ASHLEY SANTANDER, Plaintiff-Appellee, v.
CARIS MED SURG, LLC; CARY RUPERT, INDIVIDUALLY,
Defendants-Appellants, and JOHN DOES 1-10;
JANE DOES 1-10; DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-1554)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendants-Appellants Caris Med Surg, LLC (**Caris**), and

Cary Rupert (**Rupert**) (collectively, **Defendants**) appeal from the

Order Denying Defendants' Motion to Compel Arbitration

(**Arbitration Order**), entered by the Circuit Court of the First

Circuit (**Circuit Court**) on March 16, 2015.[1]

On appeal, Defendants raise five points of error,

contending that the Circuit Court erred: (1) when it failed to

conclude that Plaintiff-Appellee Ashley Santander's (**Santander's**)

agreement to arbitrate with Altres, Inc. (**Altres**)[2] unambiguously

---

[1] The Honorable Karl K. Sakamoto presided.

[2] Santander has not asserted any claims against Altres; Altres is not a party to this case.

covered Defendants; (2) even if the arbitration agreement was ambiguous, when it failed to conduct an evidentiary hearing on the issue of arbitrability; (3) when it failed to conclude that none of Defendants' actions were inconsistent with Santander's agreement to arbitrate; (4) when it failed to consider whether Defendants' conduct prejudiced Santander; and (5) because its waiver conclusion had a disproportionate impact on arbitration agreements and is preempted by federal law.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Defendants' contentions as follows:

(1)    HRS § 658A-7 (2016) governs motions to compel arbitration.   HRS § 658A-7 provides in relevant part:

> **Motion to compel or stay arbitration.** (a) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:
>
> .  .  .  .
>
> (2)    If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.
>
> .  .  .  .
>
> (c)    If the court finds that there is no enforceable agreement, it shall not, pursuant to subsection (a) or (b), order the parties to arbitrate.

"When presented with a motion to compel arbitration, the court is limited to answering two questions:  1) whether an arbitration agreement exists between the parties; and 2) if so, whether the subject matter of the dispute is arbitrable under such agreement."   Siopes v. Kaiser Found. Health Plan, Inc., 130

Hawai'i 437, 446, 312 P.3d 869, 878 (2013) (internal quotation marks omitted) (quoting Douglass v. Pflueger Haw., Inc., 110 Hawai'i 520, 530, 135 P.3d 129, 139 (2006)). It is well-established that "[t]he party seeking to compel arbitration carries the initial burden of establishing that an arbitration agreement exists between the parties." Id. (citation omitted). Finally, "in order to be valid and enforceable, an arbitration agreement must have the following three elements: (1) it must be in writing; (2) it must be unambiguous as to the intent to submit disputes or controversies to arbitration; and (3) there must be bilateral consideration." Id. at 447, 312 P.2d at 879 (quoting Douglass, 110 Hawai'i at 531, 135 P.3d at 140).

In this appeal, Defendants argue that they are entitled to enforce the Arbitration Policy signed by Santander and dated April 11, 2013, which was appended to a Pre-Employment Statement making certain representations to Altres, which was also signed by Santander and dated April 11, 2013.[3] The Arbitration Policy states the following:

> Because of the delay and expense that results from the use of the federal and state court systems, ALTRES requires, as a term and condition of employment and/or continued employment, that all of its employees agree to submit to binding arbitration any controversies concerning compensation, employment, or termination of employment, rather than to use the court system. If I am offered employment, I expressly and knowingly agree that if any dispute should ever arise between myself and ALTRES, and/or between myself and the ALTRES customer, and/or arising out

---

[3] In the Circuit Court proceedings, Defendants also submitted a July 1, 2013 "Arbitration Agreement" to support its contention that a valid and enforceable arbitration agreement exists between the parties, which was not signed by Santander, had an "X" through her typed name as it appeared on the signature line, and bore a typed notation, "signature invalid." However, on appeal, Defendants clarified that they do not "seek to enforce the July 1, 2013 Arbitration Agreement." Thus, any reliance by Defendants on the purported July 1, 2013 "Arbitration Agreement" and/or the arbitration-related terms of their employment manual are waived.

of any transaction or occurrence at my workplace, concerning any aspect of my employment including, but not limited to, my compensation, the terms and conditions of my employment, harassment and/or discrimination of myself in the workplace and/or connected with work, or termination of my employment, such dispute(s) shall be submitted to binding, mandatory and exclusive arbitration and I shall not attempt to use any court or judicial system to adjudicate such dispute(s).

Defendants argue, *inter alia*, that this "arbitration agreement" unambiguously constitutes an agreement by Santander to arbitrate any claims against them. Santander argues, *inter alia*, that there is no admissible evidence in the record that Defendants were a party to the April 11, 2013 purported arbitration agreement, which predated her employment with the Defendants by three months, and there is no evidence of mutual assent between her and the Defendants. In response to Santander's argument, Defendants point to Santander's signature on the "agreement to arbitrate" and submits that "Caris was a party to the policy, unambiguously, as plainly evidenced by the parol evidence and under the most reasonable interpretation."

In denying Defendants' motion to compel arbitration, the Circuit Court concluded that there is a genuine issue of material fact as to whether an arbitration agreement actually exists between Defendants and Santander.[4] The Arbitration Policy does not identify Caris or Rupert as Santander's employers. On the contrary, it specifically and exclusively references Altres's requirements for <u>Altres</u> employees: "<u>ALTRES requires</u>, as a term and condition of employment and/or continued employment, that <u>all of its employees</u> agree to submit to binding arbitration. . . ."

---

[4]     As discussed below, we agree with the Circuit Court's denial of the motion to compel arbitration, but conclude that Defendants did not create a genuine issue of material fact as to the existence of an agreement to arbitrate between them and Santander.

(Emphasis added.) Nor are we persuaded by Defendants' argument that the reference to an "Altres customer" in the Employment Application "unambiguously meant Caris," as Santander was not hired by Caris until months later, and the identity of the other party to an "agreement" is an essential term of a mutually binding agreement. We further note the lack of mutual consideration in the Arbitration Policy, which requires Altres's employees to submit to binding arbitration, but does not impose that requirement on Altres, or indicate that Altres's customers have mutually agreed to submit to binding arbitration. Cf. Brown v. KFC Nat'l Mgmt. Co., 82 Hawai'i 226, 239-40, 921 P.2d 146, 159-60 (1996).

Defendants failed to meet their initial burden of establishing that an arbitration agreement exists between them and Santander. See Siopes, 130 Hawai'i at 446, 312 P.3d at 878. They asserted no other legal grounds entitling them to compel arbitration. Therefore, we conclude that the Circuit Court did not err in denying Defendants' motion to compel arbitration.

(2) & (3) Citing Safeway, Inc. v. Nordic PCL Const., Inc., 130 Hawai'i 517, 312 P.3d 1224 (App. 2013), Defendants argue that the Circuit Court erred when it failed to conduct an evidentiary hearing. The Circuit Court denied Defendants' request to hold an evidentiary hearing, stating:

> we could have the hearing and, at best, the Court
> could find that there is an arbitration agreement, but
> the Court, even if we found the arbitration agreement
> exists, would still say there was a waiver, so I don't
> see why we expend resources to handle that hearing to
> get to that best conclusion for you, the Defendants.

While we agree with the Circuit Court's conclusion that an evidentiary hearing was unnecessary in this case, we do so on different grounds. In Safeway, this court held that where there are genuine issues of material fact as to the existence of an agreement to arbitrate, then the trial court must hold an evidentiary hearing. Safeway, 130 Hawai'i at 532, 312 P.3d at 1239. In that case, a genuine issue of material fact existed because, simply stated, there was conflicting evidence as to whether certain "Supplementary Conditions" deleting the arbitration provision were incorporated into the parties' agreement. Id. at 530, 312 P.3d at 1237. This case is distinguishable. Here, Defendants have failed to meet their initial burden of bringing forward evidence establishing that an arbitration agreement exists between them and Santander. The Arbitration Policy requires binding arbitration for Altres's employees, including disputes involving Altres's customers. However, Defendants brought forward no admissible evidence that Santander was an Altres employee and no admissible evidence that they were Altres customers. Defendants brought forward no evidence raising a genuine issue of material fact that an arbitration agreement existed between Santander and Defendants. Absent such evidence, Defendants are not entitled to an evidentiary hearing.

In light of our conclusion that there was no valid and enforceable arbitration agreement between the parties, we need

not address Defendants' remaining contentions.    Therefore, the

Circuit Court's March 16, 2015 Arbitration Order is affirmed.

DATED: Honolulu, Hawai'i, August 31, 2017.

On the briefs:

Jeffrey S. Harris,
Christine K. David,
(Torkildson, Katz, Moore,
 Hetherington & Harris)
for Defendants-Appellants.

Roman Amaguin,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge